```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :
MIKAH KAHN,                     :
                                :
            Plaintiff,          :    Memorandum Opinion
                                :         & Order
     -against-                  :
                                :    No. 09 Civ. 277 (JFK)
UNITED STATES OF AMERICA,       :    No. 05 Cr. 385 (JFK)
                                :
            Defendant.          :
--------------------------------x
```

**JOHN F. KEENAN, United States District Judge:**

Mikah Kahn ("Kahn") moves pro se pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property seized during his arrest. For the reasons below, the motion is denied.

## Background

On or about February 11, 2005, law enforcement agents arrested Kahn at his Manhattan apartment and executed a search warrant of the premises. The agents seized computer equipment, video recording equipment, nearly 2 kilograms of marijuana, drug paraphernalia, and miscellaneous documents, letters, and photographs and negatives. More than 150 images of child pornography were discovered in the search.

Later that day, the seized items were received and inventoried by the U.S. Department of Homeland Security ("DHS"), Customs and Border protection. (Affirmation of

Robert Raab ("Raab Aff.") ¶ 4, Ex. A & B.)  Notice of the seizure was sent to defendant's apartment on February 22, 2005, and again on April 5, 2005. (Id., Ex. C.)  The notices were returned to sender as unclaimed mail.

Kahn subsequently pleaded guilty to possession of child pornography.  On July 7, 2006, he was sentenced to a term of six years' imprisonment, three years of supervised release, and a $50,000 fine.

On or about March 21, 2007, defense counsel requested the return of certain seized items.  Subsequently, two handheld video cameras, a CD containing photographs, and a power cord were turned over to defense counsel.  According to DHS records and an affidavit from the agent responsible for the case, the following items have been destroyed:  one U.S. Passport, various computer media, video tapes, VHS tapes, a scale, a vacuum sealer, miscellaneous drug paraphernalia, miscellaneous documents and photos, three hard drives, and 1845 grams of marijuana. (Raab Aff. ¶ 7, Ex. B.)  On September 12, 2007, DHS determined that all seized property had been returned or destroyed. (Id.)

Kahn now seeks the return of unspecified "Negatives and photographs and letters," and "Misc. Documents" including various forms of identification, credit cards, and other documents. (Def. Motion at 1-2).

## Discussion

Rule 41(g) permits "[a] person aggrieved ... by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g).  A Rule 41(g) motion that is brought after the conclusion of the criminal proceeding is treated as a civil equitable action. Adeleke v. United States, 355 F.3d 144, 149 (2d Cir. 2004).  In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner.  "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke, 355 F.3d at 151.  Therefore, if property is not available for return "for whatever reason," the aggrieved party cannot obtain monetary damages against the United States. Id.

In this case, the Government has established that all property seized from Kahn in connection with his arrest has been returned or destroyed.  Because the property sought is not available for return, Rule 41(g) provides no basis for relief.  Kahn does not request monetary damages relating to the destroyed property.  Any such claim would be barred by the doctrine of sovereign immunity.  Therefore, the Rule

41(g) motion is denied.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:    New York, N.Y.
          September 8, 2009.

                                            JOHN F. KEENAN
                                    United States District Judge